865 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lory LOMBARDO, Plaintiff-Appellant
v.
John F. HARVEY, Sandy Jenkin, Cathy Smolkovich, et al.,
Defendants-Appellees.
 No. 88-3281.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1988.
 
 Before MERRITT and RALPH B. GUY, Jr., Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 The plaintiff, Lory Lombardo, appeals from the District Court's grant of summary judgment, dismissing her procedural due process claim in a Bivens action. Lombardo's pendent state claims for defamation and tortious interference with her contract of employment were also dismissed. The issue on appeal is whether Lombardo had a clearly established right to notice and a hearing under the facts of this case. The District Court found that she did not. We agree.
 
 
 2
 Jenkins Cleaning Service, a private company which held the contract for custodial work on 910 Tactical Airlift Group Headquarters, employed Lory Lombardo. Colonel Harvey, one of the defendants, commanded the unit. Lombardo alleges that either Jenkins or Smolkovich, a co-worker, or both, falsely accused Lombardo of stealing government property and of going through the military installation trash in an effort to obtain classified information that might aid her in competing for the new government cleaning contract to begin in April 1987.
 
 
 3
 Colonel Harvey issued a "bar letter" in March 1987, forbidding Lombardo from reentering the military installation as a result of the allegations and of the investigation that followed. In this letter Harvey stated that "[b]y virtue of your conduct on this base on or about 19 December 1986, which was just brought to my attention through Security Police channels, you are hereby advised, ordered and directed not to reenter the confines of this installation." He did not advance any racial, religious or political reasons for his exclusion of Lombardo, a non-governmental employee. He also did not afford her the opportunity to present evidence in her defense.
 
 
 4
 Subsequently, Lombardo obtained a supervisor's job with the new cleaning company which was awarded the military base contract. She was unable to work on the base, however, because of Harvey's bar letter and because of his refusal to grant her a hearing in which she might defend herself. She contends that the bar letter is vague and conclusory and the reasons advanced are "inherently unreasonable." Lombardo argues further that she is foreclosed from all other employment opportunities.
 
 
 5
 In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the Supreme Court held that federal officials are immune from suit "insofar as their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." Id. at 818. Consequently, only if Colonel Harvey violated such clearly established rights may he be held liable under a Bivens theory.
 
 
 6
 The parties agree that Cafeteria Workers v. McElroy, 367 U.S. 886 (1961), is applicable to this case. In Cafeteria Workers a cook employed by a private contractor was barred summarily from the base for undefined security reasons. Id. at 888. The Cafeteria Workers Court found that the cook had no Fifth Amendment right to notice and a hearing if the reason advanced for the bar were rational. Id. at 898.
 
 
 7
 Applying the standard in Cafeteria Workers to this case, Lombardo had a right not to be excluded for patently arbitrary or discriminatory reasons, such as those relating to race, religion or politics. Given Lombardo's failure to raise grounds relating to race, religion, politics or similar class-based discrimination, and given her position as a private employee, she had no clearly established Fifth Amendment right to notice or a hearing either before or after the issuance of the bar letter. She, like the cook in Cafeteria Workers, is not entitled to these procedural protections.
 
 
 8
 Colonel Harvey advanced a rational basis for the issuance of his bar letter. Under the standard set forth in Cafeteria Workers in a similar factual setting, Harvey's actions are not constitutional wrongs. His conduct, therefore, cannot be said to "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. See also Anderson v. Creighton, --- U.S. ---, 107 S.Ct. 3034, 3040 (1987) (the relevant inquiry in determining the application of qualified immunity is whether a reasonable official in defendant's position could have believed his conduct to be lawful in the light of the clearly established law and information he possessed).
 
 
 9
 Procedurally, this Circuit has placed the burden on the plaintiff once the issue of qualified immunity is raised:
 
 
 10
 Where a defendant official is entitled to qualified immunity, the plaintiff must plead facts which, if true, describe a violation of a clearly established statutory or constitutional right of which a reasonable public official, under an objective standard would have known. The failure to so plead precludes a plaintiff from proceeding further, even from engaging in discovery, since the plaintiff has failed to allege acts that are outside the scope of the defendant's immunity.
 
 
 11
 Kennedy v. City of Cleveland, 797 F.2d 297, 299 (6th Cir.1986), cert. denied, 107 S.Ct. 1334 (1987). Lombardo fails to allege such a violation.
 
 
 12
 Accordingly, the judgment of the District Court is affirmed.